IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| Earl P. Black | : | Case No. 17-24658-CMB |
| Debra A. Black | : | |
|     Debtor(s) | : | Chapter 13 |
| | : | |
| Ronda J. Winnecour, Chapter 13 Trustee | : | |
|     Movant(s) | : | Related to Document 57 and 58 |
| | : | |
| vs. | : | Hearing Date: |
| | : | |
| PNC Bank, N.A. | : | |
| | : | |
|     Respondent(s) | : | |

## TRUSTEE'S MOTION FOR DETERMINATION OF FINAL CURE UNDER F.R.B.P. 3002.1(h)

1.  This matter pertains to the Notice of Final Cure ("Notice") of the mortgage of PNC Bank N.A. filed at Doc 57. The Notice states that the mortgage has been paid through November 31, 2022 ("Cure Date"), and that the Debtor(s) are due to resume mortgage payments beginning December 1, 2022 ("Debtor(s) Take-Over Date"). The Notice included a detailed list of all payments made by the Trustee.

2.  Mortgage Creditor did not file a claim, a notice of mortgage payment change, or a post-petition fee notice in this case. No attorney has entered an appearance for Mortgage Creditor in this case.

3.  Debtors' confirmed Chapter 13 Plan dated December 15, 2017 proposed monthly payments to Mortgage Creditor of $485.00 for 60 months.

4. Trustee's records in this case reveal that Mortgage Creditor has been paid 60 payments of $485.00 from December 2017 through November 2022, a total of $29,100.00.

5. Trustee asserts that the calculation of the Debtors' Take-Over Date is correct and that there is no prepetition or post-petition deficiency as of that date.

6. Mortgage Creditor has filed a Response to Notice of Final Cure Payment at Doc 58. The Response failed to indicate whether Mortgage Creditor agrees or disagrees with Trustee's Notice that prepetition default payments have been cured. The Response failed to indicate whether Mortgage Creditor agrees or disagrees with Trustee's Notice that debtor(s) are current on all postpetition payments. The Response failed to indicate the next postpetition due date, if any. Mortgage Creditor has not attached to its Response a full, itemized account history, so Trustee is unable to determine whether Mortgage Creditor's records accurately reflect the receipt of all payments made by the Trustee and whether unauthorized fees and charges have been added to the account postpetition. The only information provided by Mortgage Creditor in its Response is the phrase "lien release", which was included in both the prepetition default section and the post-petition payment section of its Response.

7. Trustee cannot determine from Mortgage Creditor's Response whether it agrees or disagrees with the Notice of Final Cure.

8. Pursuant to FRBP 3002.1(g) "Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The statement shall itemize the required cure or postpetition amounts, if any, that the

holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f)".

9. Based on a correct accounting of the payments received from the Trustee, the Mortgage should be deemed cured and current through November 31, 2022, with the next payment due from the Debtors, if any, on December 1, 2022.

10. Mortgage Creditor's failure to provide the minimum information required in response to the Notice of Final Cure has necessitated the Trustee's filing of the within Motion.

11. Pursuant to FRBP 3002.1(i) "[i]f the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions: (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure".

12. Trustee requests that Mortgage Creditor be required to pay Trustee's reasonable attorney fees of at least $500.00 as a sanction for Mortgage Creditor's failure to comply with Rule 3002.1(g).

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (a) determining that the Trustee has disbursed all payments in accordance with the Debtors' Chapter 13 Plan through November 31, 2022, as to the mortgage of PNC Bank N.A.; (b) determining that all prepetition arrears have been paid and the post-petition payments are fully current as of November 31, 2022; (c) determining that Debtor(s) are to have resumed direct payments for any payments coming due on and after December 1, 2022; (d) that PNC Bank N.A. pay to the Chapter 13 Trustee attorney fees in the

amount of $500.00 pursuant to FRBP 3002.1(i)(2); and (e) and such further relief as is appropriate.

|  |  |
|---|---|
|  | RONDA J. WINNECOUR,<br>CHAPTER 13 TRUSTEE |
| Date:  December 29, 2022 | By: /s/ James C. Warmbrodt<br>James C. Warmbrodt, PA I.D. 42524<br>Attorney for Chapter 13 Trustee<br>US Steel Tower, Suite 3250<br>600 Grant Street<br>Pittsburgh, PA  15219<br>(412) 471-5566<br>jwarmbrodt@chapter13trusteewdpa.com |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:
Earl P. Black                                   :   Case No. 17-24658-CMB
Debra A. Black                                  :
    Debtor(s)                 :   Chapter 13
                                                :
Ronda J. Winnecour, Chapter 13                  :
Trustee                                         :
    Movant(s)                 :   Related to Document 57 and 58
                                                :
vs.                                             :   Hearing Date:
                                                :
PNC Bank, N.A.                                  :
                                                :
    Respondent(s)             :

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th of December 2022, I served one true and correct copy of the foregoing Motion, Proposed Order and Notice of Hearing and Response Deadline on the following parties in interest by United States first-class mail, postage prepaid, addressed as follows:

Marta E. Villacorta, Esquire
Assistant U.S. Trustee
Suite 970, Liberty Center
1001 Liberty Avenue
Pittsburgh, PA  15222

Earl and Debra Black
6187 Dalmation Drive
Bethel Park, PA  15102

Kenneth Steidl, Esquire
Steidl & Steinberg
707 Grant Street, Suite 2830
Pittsburgh, PA 15219

Aletha Bowman
PNC Bank, N.A.
PO Box 94982
Cleveland, OH  44101

<u>/s/Rosa M. Richard</u>
Office of Chapter 13 Trustee
US Steel Tower – Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com